upon their stipulation to account for the proceeds in the case of a decree against them on the final hearing, or for such other order or relief in the premises as the court may see fit to grant. The vessel and cargo were seized and libelled in the district court for an alleged attempt to violate the blockade of one of the ports of the state of Virginia. A decree was rendered in that court, condemning the vessel and part of the cargo, as lawful prize, including the tobacco in question [The Hiawatha, Case No. 6,451]; and the case is now pending in this court, on an appeal from that decree. The ground upon which this motion is placed is, that the tobacco is suffering damage and deterioration in value from exposure to the weather, and also from confinement in the hold of the vessel; and the claimants have been obliged to keep a person constantly employed, at their own expense, in guarding and taking care of it, so as to prevent, as far as possible, further injury and damage. The government, the captors, object to the delivery of the property to the claimants on stipulation, but do not deny that the facts set forth furnish proper ground for an interlocutory order of sale, the proceeds to be brought into the registry of the court, to abide the event of the suit. It further appears upon the papers upon which the motion is founded, that the price of the article has greatly increased since the capture, and that it would for the interest of all parties concerned that the same disposition should be made of it by which a sale can take place in the present market. As the property has been condemned as lawful prize, in the court below, the appellate court would not, except in extreme and very special cases, deliver it to the claimants upon the usual stipulation. It might be otherwise if the decree had been in their favor. But being against them, an enhanced interest exists, in the behalf of the captors, that the property the subject of the litigation, should be preserved with all reasonable security, to abide the result.

I therefore direct an order of sale to be entered, and appoint Morris Franklin and Frederick W. Welchman, Esquires, commissioners, to enter the vessel (now in the custody of the court, through its marshal) and examine and appraise the value of the 180 hogsheads and 47 half-hogsheads of tobacco, and order that, after such appraisal, a public sale of the same be made by the marshal, under the direction of the commissioners, and at such time and place as they shall direct, giving at least three days' notice of the sale, to be given in such papers as they shall designate, and that the proceeds of the sale be brought into this court, to be placed or invested by the clerk according to the directions of the court.

[NOTE. For subsequent proceedings relating to the condemnation of this vessel and her cargo, see note at the end of The Hiawatha, Case No. 6,451.]

CRENSHAW, The. See Cases Nos. 6,450–6,452.

CRENSHAW (BOTTS v.). See Case No. 1,660.

CREOLE, The (M'AFEE v.). See Case No. 8,655.

CREOLE, The (SMITH v.). See Cases Nos. 13,032 and 13,033.

## Case No. 3,385.

### CRERAR v. MONTREAL OCEAN STEAMSHIP CO.

[Cited in Donaldson v. McDowell, Case No. 3,985. Nowhere reported; opinion not now accessible.]

## Case No. 3,386.

### The CRESCENT.

[Cited in The J. F. Spencer, Case No. 7,316. Nowhere reported; opinion not now accessible.]

CRESCENT CITY, The (SEAMAN v.). See Case No. 12,581.

## Case No. 3,387.

### CRESCENT CITY ICE CO. v. STAFFORD.

[3 Woods, 94.][1]

Circuit Court, D. Louisiana. Nov. Term, 1877.

DECEDENT'S ESTATES—RIGHTS OF ADMINISTRATOR.

1. A court of probate cannot authorize an administrator to take possession of any property of which the title or right of possession is not in the estate of the intestate.

2. The title of property belonging to the estate of a decedent vested in an administrator appointed by the court of the domicile of the decedent, is not divested by the transportation of the property to another state to be sold in its markets.

3. An administrator appointed in such other state is not entitled to the possession of such property so transported thereto for sale.

In equity. Heard upon motion for an injunction pendente lite. The substance of the bill was that the complainants were a commercial association, a partnership doing business under the name and style of the Crescent City Ice Co., in the city of New Orleans, whose members were composed of citizens of several states of the United States other than the state of Illinois; that the respondent was a citizen of the state of Illinois; that the firm of Hess & Reid, of Illinois, were the owners of three barges laden with ice, and that on February 24, 1877, they sold the cargoes of ice laden on the three barges to one Bowles, who paid in cash therefor the sum of $849.25, and agreed to pay, upon the delivery of the ice in New Orleans, the freight thereon, which amounted to about $58; that after the contract of

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]